In re: **Anwar S. Asad**

Case No. **05-31521**

**CHAPTER 13 PLAN**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **350.00 *** each month for **60** months. Unless all allowed claims are paid in full, this Plan shall not be completed in fewer than 36 months from the first payment date.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(1) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If specified) | Interest Rate (If Specified) |
   |---|---|---|---|---|
   | Chrysler Financial Corporation | 21,728.00 | | | 5.00 |
   | Franchise Tax Board | 0.00 | | | 0.00 |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **0** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:
   Name                                                             Monthly Payment
   **-NONE-**

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **\*The plan is a step plan or has lumpsum payments which will pay as follows: $350.00 per month for 12 months, then $450.00 per month for 12 months, then $530.00 per month for 36 months
   Debtor to give Trustee his federal income tax return for the year in which his petition was filed by May 15 of the year following confirmation, and annually thereafter.**

Dated: **May 13, 2005**        **/s/ Anwar S. Asad**
                                (Debtor)                         (Debtor)

I/We **John D. Raymond 129599** am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco and Oakland Divisions, Model Chapter 13 Plan (October 2001), promulgated pursuant to B.L.R. 1007-1.

**/s/ John D. Raymond 129599**
Attorney for Debtor(s)

San Francisco & Oakland Divisions, Chapter 13 Plan
(October, 2001)

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037        Best Case Bankruptcy